**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 15-cv-00204-RM-NYW

DAVID ARONSTEIN,
LESLEY STROLL,

      Plaintiffs,

v.

THOMPSON CREEK METALS COMPANY INC.,
KEVIN LOUGHREY,
PAMELA SAXTON,
PAMELA SOLLY,
JAMES L. FREER,
JAMES P. GEYER,
TIMOTHY J. HADDON,
CAROL T. BANDUCCI,
THOMAS J. ONEIL,
DENIS C. ARSENAULT,
WENDY CASSITY,

      Defendants.

---

## ORDER

---

Magistrate Judge Nina Y. Wang

      This matter is before the court on *pro se* Plaintiffs David Aronstein and Lesley Stroll's

Motion to Reconsider and Vacate (the "Motion"). [#40, filed March 27, 2015]. Plaintiffs ask the

court to reconsider the undersigned Magistrate Judge's March 23, 2015 Minute Order denying

them leave to file a **40-page** Response to Defendants Thompson Creek Metals Company Inc.,

Kevin Loughrey, Pamela Saxton, Pamela Solly, James L. Freer, Timothy J. Haddon, and Wendy

Cassity's (collectively "Defendants") Motion to Dismiss. Plaintiffs ask in the alternative that the

court strike Defendants' Motion to Dismiss. Pursuant to the Order Referring Case dated

February 20, 2015 [#16] and the memorandum dated March 27, 2015 [#42], this matter was referred to this Magistrate Judge.

## PROCEDURAL HISTORY

This civil action was transferred to the District of Colorado from the District of Connecticut on January 30, 2015 [#1], and was assigned to Magistrate Judge Boland pursuant to the Pilot Program to Implement the Direct Assignment of Civil Cases to Full Time Magistrate Judges. [#2, #7]. On February 13, 2015, Defendants filed a 39-page Motion to Dismiss Plaintiffs' Amended Complaint. [#13]. The same day, the parties filed notice that they declined to consent to the jurisdiction of a United States Magistrate Judge. [#14]. This action was subsequently reassigned to District Judge Moore. [#15]. On February 20, 2015, Judge Moore referred this action to the undersigned Magistrate Judge for all pre-trial matters [#16] and concurrently referred the Motion to Dismiss. [#17]. On March 3, 2015, pursuant to Judge Moore's Practice Standards limiting motions other than those filed under Rule 56 to twenty pages or less, I issued a Minute Order striking the Motion to Dismiss. [#18]. Defendants promptly filed a Motion for Reconsideration of that Minute Order, on the basis that they had previously filed a Motion to Dismiss in this matter in the District of Connecticut, revised and filed a second Motion to Dismiss after Plaintiffs received leave to amend their Complaint, that the second Motion to Dismiss at 39-pages complied with the local rules of that court, and that the unusual length was necessary to address Plaintiffs' numerous federal and common law claims. [#19]. Defendants further highlighted the fact that Judge Boland, since retired, did not have Practice Standards and did not impose a page limitation in his February 3, 2015 Order directing Defendants to respond to the Amended Complaint within eight days of the Order. [*See* #11].

Finally, Defendants noted that I presided over this action at the time the Motion to Dismiss was filed and I likewise have not adopted Practice Standards that would indicate a page limitation for motions or briefs filed in this court.  Accordingly, and upon reference from Judge Moore, this court granted Defendants' Motion for Reconsideration to the extent they were allowed to re-file the 39-page Motion to Dismiss.  [#21, filed on March 5, 2015].  Defendants re-filed the Motion to Dismiss on March 6, 2015.  [#22].

On March 9, 2015, this court issued a Minute Order directing Plaintiffs to file a Response to the Motion to Dismiss on or before March 27, 2015.   [#24].  Plaintiffs filed a 21-page Response the same day [#25]; however, they subsequently contacted Judge Moore's Chambers expressing concern that while they filed their Response as an opposition to the Motion to Dismiss filed February 13, 2015, later stricken, their Response had been docketed as an opposition to the pending Motion to Dismiss, filed March 6, 2015.  In an abundance of caution and accommodation, this court *sua sponte* granted Plaintiffs leave of sixteen days to review the two Motions to Dismiss to ascertain if the pending Motion was altered "in any significant fashion" from the stricken Motion to Dismiss, and to file a revised Response if such were the case.  [#27].

On March 20, 2015, Plaintiffs filed a Motion for Leave to file a 40-page Response to Defendants' Motion to Dismiss.  [#35].  Plaintiffs stated:

> [b]ecause of the sheer number of Misrepresentations and Omissions, and the various points of law raised by the Defendants, both as to Plaintiffs' Common Law claims and their claims under the Connecticut Uniform Securities Act, Plaintiffs would be seriously hampered if forced to state their opposition within Judge Moore's normal motion limit of twenty pages.

*Id.* Plaintiffs' also claimed that additional space was necessary to state their opposition to Defendants' Rule 12(b)(5) argument.  This court denied the Motion on March 23, 2015 for failure to show good cause and failure to confer with Defendants prior to filing, in contravention of D.C.COLO.LCivR 7.1(a).  [#39].  Four days later, Plaintiffs filed the pending Motion, arguing it would be "elementally unfair" to allow Defendants "the space to make [their] arguments and not allow Plaintiffs equal space to rebut them."  [#40].  Plaintiffs further take issue with the fact that Defendants did not confer with them prior to filing either Motion to Dismiss or their Motion for Reconsideration.  *Id.*  Plaintiffs subsequently filed a Response to the Motion to Dismiss that spans 61 pages, inclusive of 20 pages of exhibits.  [#41].

## ANALYSIS

Plaintiffs seek reconsideration of a non-final order, thus their Motion "falls within a court's plenary power to revisit and amend interlocutory orders as justice requires." *United Fire & Cas. Co. v. Boulder Plaza Residential, LLC,* No. 06–cv–00037-PAB-CBS, 2010 WL 420046, *3 (D. Colo. Feb. 1, 2010); *see also* Fed. R. Civ. P. 54(b) ("[A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.").  Courts in this district have applied different standards on motions for reconsideration of non-final orders.  *See United Fire & Cas. Co.*, 2010 WL 420046, *3 (listing cases applying Rule 59(e) standard, Rule 60(b) standard, and "law of the case" standard). Nonetheless, the prevailing approach demonstrates that courts consider whether new evidence or

legal authority has emerged or whether the prior ruling was clearly in error.  *See James v. Dunbar*, No. 09–cv–02479-PAB, 2010 WL 3834335, at *1 (D. Colo. Sep. 27, 2010).

Even under the liberal standard applied to *pro se* litigants, Plaintiffs have not articulated a substantive reason to find that the March 23, 2015 Minute Order was clearly in error.  *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (holding that if a court can reasonably read the pleadings to state a cognizable claim, it should do so despite the lack of legal citation, confusion regarding legal theories, or his unfamiliarity with pleading requirements).  The court recognizes that Plaintiffs are dissatisfied with that Minute Order.  However, displeasure with court action is not by itself an acceptable basis for seeking relief from an order.[1]  Defendants' apparent failure to include a certificate of conferral in their Motion for Reconsideration likewise does not serve as a basis here to revise the Minute Order.  *See United Fire & Cas. Co.*, 2010 WL 420046, *3 (speaking to the need to avoid inefficiency "which would attend the repeated re-adjudication of interlocutory orders).  Finally, contrary to Plaintiffs' assertion, Local Rule 7.1(a) does not require parties to meet and confer prior to the filing of a Rule 12 motion.  *See* D.C.COLO.LCivR 7.1(b)(2).  Plaintiffs have provided no reason grounded in either case law or the Federal Rules of Civil Procedure why this court should reconsider its March 23, 2015 Minute Order.  Accordingly,

---

[1] In addition, the court notes that Plaintiffs have been contacting this Magistrate Judge's Chambers.  The Parties are reminded that *ex parte* communications with the court are not permitted except for exceptional circumstances, and members of the court's Chambers staff are not permitted to provide legal advice to the Parties or entertain oral motions from parties. Therefore, in the future, Parties, including any party who is proceeding *pro se*, seeking relief from the court's orders or other advice are directed to consult the operative Federal Rules of Civil Procedure or Local Rules for the District of Colorado. *See Murray v. City of Tahlequah,* 312 F.3d 1196, 1199 n.2 (10th Cir. 2008) (citation omitted) (observing that a party's *pro se* status does not relieve him of the obligation to comply with procedural rules).

IT IS ORDERED that:

(1)     The Motion is DENIED; and

(2)     Plaintiffs are ORDERED to file a Response on or before **April 8, 2015** that complies with Practice Standards IV.B.1, or advise the court in writing by that date that they wish to adopt the March 9, 2015 Response as their opposition to the pending Motion to Dismiss.

DATED: March 31, 2015                           BY THE COURT:

                                                s/Nina Y. Wang_____
                                                United States Magistrate Judge