**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:15-cv-00204-RM-NYW

DAVID ARONSTEIN and LESLEY STROLL,

    Plaintiffs,

v.

THOMPSON CREEK METALS COMPANY INC.,
KEVIN LOUGHREY, PAMELA SAXTON, PAMELA SOLLY,
JAMES L. FREER, JAMES P. GEYER, TIMOTHY J. HADDON,
CAROL T. BANDUCCI, THOMAS J. ONEIL,
DENIS C. ARSENAULT, AND WENDY CASSITY

    Defendants.

---

**~~JOINT MOTION FOR ENTRY OF~~ STIPULATED PROTECTIVE ORDER**

---

~~Plaintiffs and Defendants move that the Court enter a Stipulated Protective Order to protect confidential information that may be produced in discovery in this action. The proposed Order below is based on the text of Appendix A in *Gillard v. Boulder Valley School District*, 196 F.R.D. 382 (D. Colo. 2000), an approved protective order in this District.~~

**STIPULATED PROTECTIVE ORDER**

Upon a showing of good cause in support of the entry of a protective order to protect the discovery and dissemination of confidential information or information that will improperly annoy, embarrass, or oppress any party, witness, or person providing discovery in this case, IT IS ORDERED:

    1.    This Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to

requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

    2.    As used in this Protective Order, "document" is defined as provided in Fed. R. Civ. P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

    3.    Information designated "CONFIDENTIAL" shall be information that is confidential and implicates common law and statutory privacy interests of Plaintiffs or Defendants, including confidential and proprietary information about the business of Thompson Creek Metals Company Inc. CONFIDENTIAL information shall not be disclosed or used for any purpose except the preparation and trial of this case.

    4.    CONFIDENTIAL documents, materials, and/or information (collectively "CONFIDENTIAL information") shall not, without the consent of the party producing it or further Order of the Court, be disclosed except that such information may be disclosed to:

    (a)    attorneys actively working on this case;

    (b)    persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

    (c)    the parties, and their designated representatives;

    (d)    expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

    (e)    the Court and its employees ("Court Personnel");

    (f) stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

    (g) deponents, witnesses, or potential witnesses; and

    (h) other persons by written agreement of the parties.

  5. Prior to disclosing any CONFIDENTIAL information to any person listed above (other than counsel, persons employed by counsel, Court Personnel and stenographic reporters), counsel shall provide such person with a copy of this Protective Order and obtain from such person a written acknowledgment in the form attached as Exhibit A stating that he or she has read this Protective Order and agrees to be bound by its provisions. All such acknowledgments shall be retained by counsel and shall be subject to in camera review by the Court if good cause for review is demonstrated by opposing counsel.

  6. Documents are designated as CONFIDENTIAL by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL."

  7. Whenever a deposition involves the disclosure of CONFIDENTIAL information, the deposition or portions thereof shall be designated as CONFIDENTIAL and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

8. A party may object to the designation of particular CONFIDENTIAL information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within thirty (30) business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

9. <u>To the extent that any party seeks to restrict any court filing on the basis that it contains information that has been designated as CONFIDENTIAL, the party will file an appropriate motion and comply with all requirements of D.C.COLO.LCivR 7.2.  Nothing in this Protective Order requires the court to restrict any filing.</u>

10. At the conclusion of this case, unless other arrangements are agreed upon, each document and all copies thereof which have been designated as CONFIDENTIAL shall be returned to the party that designated it CONFIDENTIAL, or the parties may elect to destroy CONFIDENTIAL documents. Where the parties agree to destroy CONFIDENTIAL documents, the destroying party shall provide all parties with an affidavit confirming the destruction.

11. This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

Dated:  May 8, 2015.

Respectfully submitted,

 *s/ Gregory J. Kerwin*
Gregory J. Kerwin  Allison K. Kostecka
GIBSON, DUNN & CRUTCHER LLP
1801 California Street, Suite 4200
Denver, CO  80202
Telephone:  (303) 298-5700
FAX:  (303) 313-2829
Email: gkerwin@gibsondunn.com  Email: akostecka@gibsondunn.com

*Attorneys for Defendants Thompson Creek Metals Company Inc., Kevin Loughrey, Pamela Saxton, Pamela Solly, James L. Freer, Timothy J. Haddon, and Wendy Cassity.*

 *s/ Michael M. Strage*
Michael M. Strage
LAW OFFICE OF MICHAEL STRAGE
730 Fifth Avenue, Suite 1901  New York, New York 10019  Telephone: (646) 642-0701
Email: michaelstrageesq@gmail.com

*Attorneys for Plaintiffs David Aronstein and Lesley Stroll.*

~~Approved b~~By the Court:

May 11, 2015

s/ Nina Y. Wang

Nina Y. Wang
United States Magistrate Judge

## **EXHIBIT A**

I have read the attached Protective Order entered by the Court in Aronstein v. Thompson Creek Metals Company, No. 1:15-cv-00204-RM-NYW (D. Colo.) and agree to be bound by its provisions.

Date: _____

_____
Printed Name

_____
Signature

_____
Address