**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 15-cv-00204-RM-NYW

DAVID ARONSTEIN,
LESLEY STROLL,

    Plaintiffs,

v.

THOMPSON CREEK METALS COMPANY INC.,
KEVIN LOUGHREY,
PAMELA SAXTON,
PAMELA SOLLY,
JAMES L. FREER,
JAMES P. GEYER,
TIMOTHY J. HADDON,
CAROL T. BANDUCCI,
THOMAS J. ONEIL,
DENIS C. ARSENAULT,
WENDY CASSITY,

    Defendants.

---

**ORDER**

---

Magistrate Judge Nina Y. Wang

    This matter is before the court on Defendants Thompson Creek Metals Company Inc. ("Thompson Creek"), Kevin Loughrey, Pamela Saxton, Pamela Solly, James L. Freer, Timothy J. Haddon, and Wendy Cassity's (collectively, the "Defendants")[1] Motion to Stay Discovery Pending A Decision on Their Motion to Dismiss ("Motion to Stay"). [#30, filed March 13,

---

[1] Plaintiffs have not yet served Defendants James P. Geyer, Carol T. Banducci, Thomas J. O'Neil, or Denis C. Arsenault, and none of these Defendants has entered an appearance in this matter. Therefore, as used in this Order, "Defendants" refers only to the specifically named individuals and Thompson Creek, who filed the instant Motion to Stay [#30] and the pending Motion to Dismiss [#22].

2015]. Pursuant to the Order Referring Case dated February 20, 2015 [#16] and the memorandum dated March 13, 2015 [#42], this matter was referred to this Magistrate Judge. The court heard argument on the request for a limited stay during the Status Conference held on May 11, 2015. For the reasons addressed below, I GRANT IN PART and DENY IN PART the Motion to Stay, and ORDER certain discovery to proceed immediately.

## BACKGROUND

The Parties and the court are well-acquainted with the procedural history of this case and therefore, I will recount herein only what is relevant to the Motion at issue. Plaintiffs initiated this civil action as *pro se* litigants in February 2014 in the United States District for the District of Connecticut claiming that Defendants (who are current or former directors or officers of Thompson Creek) are responsible for false statements and omissions to the public regarding Thompson Creek's resources, and that they relied on those statements and omissions to their detriment in purchasing and holding $6,314,303 worth of shares of Thompson Creek common stock. [#4]. Plaintiffs owned shares of Thompson Creek's stock from March 2011 to May 2012, which is defined as the relevant "PERIOD" in the Amended Complaint. [*Id.* at ¶ 31]. Plaintiffs allege that "[d]uring the PERIOD the Defendants made numerous material false statements and material omissions in public filings, disclosures, press releases, conference calls, direct emails and phone conversations with the public at large, the SEC and directly with the Plaintiffs," which "[u]niformly, [] overstated TCM's capital resources and understated its capital needs at a time when capital adequacy was the most important factor driving TCM's market valuation.." [*Id.* at ¶¶ 33-34]. The Amended Complaint identifies three claims for relief: (1) securities fraud under

the Connecticut Uniform Securities Act; (2) fraud and intentional misrepresentation; and (3) negligent misrepresentation. [*Id.* at 24].

This lawsuit was subsequently transferred on motion to the District of Colorado on January 30, 2015 [#1]. On March 6, 2015, Defendants filed a 39-page Motion to Dismiss Plaintiffs' Amended Complaint pursuant to Rule 12(b)(6) as to all Defendants and 12(b)(5) as to Defendants Loughrey and Freer. [#22]. Specifically, Defendants argue that Plaintiffs fail to meet the heightened pleading burden articulated in Rule 9(b), fail to allege an intention to deceive, and that the fraudulent or negligent misrepresentation claims are preempted by federal law and are untimely. [*Id.*] The Motion to Dismiss was referred to the undersigned Magistrate Judge on March 9, 2015 [#23]. On March 13, 2015, Defendants filed the pending Motion to Stay. [#30]. Counsel for Plaintiffs entered his appearance on behalf of Plaintiffs on April 1, 2015 [#45], and Plaintiffs filed a Response to the Motion to Stay on April 3, 2015. [#46]. Plaintiffs filed a Response to the Motion to Dismiss on April 8, 2015, and Defendants filed a Reply on April 22, 2015. [#48].

On April 3, 2015, Magistrate Judge Shaffer presided over a Scheduling Conference at which he stayed discovery until the Motion to Dismiss had been fully briefed and ordered the Parties to meet and confer regarding a protocol for discovery of electronically stored information ("ESI") in this action, which they would draft and submit to the court. [#47]. No Scheduling Order was entered. On April 17, 2015, Defendants filed their Reply in support of the Motion to Stay, in which they represent the Parties have agreed to exchange Rule 26(a)(1) disclosures and counsel are discussing a reciprocal exchange of certain categories of documents, but ask that all other discovery be stayed until the undersigned issues her Recommendation regarding the

Motion to Dismiss. [#49]. Defendants filed their Reply in support of the Motion to Dismiss on April 22, 2015 [#50], and therefore, the Motion to Dismiss is now ripe for argument (which has been set for June 15, 2015) and disposition.

In anticipation of the Joint Status Conference and Motion Hearing on the Motion to Stay, the Parties filed a Joint Status Conference Update on May 8, 2015. [#57]. In that Status Report, the Parties indicated that they would exchange Rule 26(a)(1) Initial Disclosures on June 5, 2015 and identified certain categories of documents that they will voluntarily exchange.[2] [#57]. The Parties also reflected their respective requests, and corresponding disputes, for certain discovery to occur during the pendency of this Magistrate Judge's consideration of Defendants' Motion to Dismiss.[3] [*Id.*] The Parties have also agreed to postpone any depositions. [#46 at 4]. The court held the Status Conference on May 11, 2015, at which the Parties discussed at great length their disputes over the limited requests for discovery. In addition, Plaintiffs' counsel indicated that he intended to serve the additional Defendants once he could determine an address for those individuals. Again, no Scheduling Order was entered.

In light of the papers, the applicable case law, the statements of counsel on the record and their further request for oral argument on Defendants' pending Motion to Dismiss, the court hereby GRANTS IN PART and DENIES IN PART the Motion to Stay.

---

[2] Plaintiffs indicated during the May 11 hearing that given Defendants' willingness to disclose materials from the Board of Directors' meetings from March 16, 2011 to May 8, 2012, they were withdrawing their request for immediate production of Topics 6-9 as reflected in the Joint Status Report.

[3] Defendants also reserved the right to seek a further stay during Judge Moore's consideration of this Magistrate Judge's Recommendation and any objections filed thereto. [#49 at 2].

## ANALYSIS

**I.     Standard of Review**

While no Scheduling Order has yet been entered in this case, the Parties engaged in a Rule 26(f) conference on March 26, 2015 and April 26, 2015. [#34].  Pursuant to Rule 26(d), now that the Parties have conferred, discovery may proceed.  However, "[a] court has inherent power to stay proceedings 'to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *Ellis v. J.R.'s County Stores, Inc.,* No. 12–cv–01916–CMA–KLM, 2012 WL 6153513 at *1, (D. Colo. Dec. 11, 2012) (quoting *Landis v. N. Am. Co.,* 299 U.S. 248, 254 (1936) (observing that docket  management "calls for the exercise of judgment, which must weigh competing interests and maintain an even balance")). This District generally disfavors a stay of all discovery. *Wason Ranch Corp. v. Hecla Mining Co.*, No. 07–cv–00267–EWN–MEH, 2007 WL 1655362, at * 1 (D. Colo. June 6, 2007) (citing *Chavez v. Youn Am. Ins. Co.,* No. 06–2419, 2007 U.S. Dist. LEXIS 15054 (D. Colo. Mar. 2, 2007)).

> The following factors guide this court in determining whether to stay discovery:
>
> (1) the interest of the plaintiff in proceeding expeditiously with discovery and the potential prejudice to the plaintiff of a delay; (2) the burden on the defendant of proceeding with discovery; (3) the convenience to the Court of staying discovery; (4) the interests of nonparties in either staying or proceeding with discovery; and (5) the public interest in either staying or proceeding with discovery.

*String Cheese Incident v. Stylus Shows, Inc.*, No. 1:05-CV-01934-LTB-PAC, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006).

The Parties have essentially agreed to a limited stay of discovery pending this Magistrate Judge's Recommendation of the pending Motion to Dismiss filed by Defendants.  The remaining

dispute related to the Motion to Stay involves the timing of the voluntary disclosures, and what additional discovery, if any, will be permitted to proceed immediately.

According to the Parties' representations in the Joint Status Report and at the May 11 hearing, the following requests remain in dispute:

(1) All Monthly Construction Reports, created in satisfaction of Article 7.1 of the Royal Gold Agreement, between and inclusive of, Sept[.] 30, 2010 and June 30, 2012 [#57 at 2];

(2) All Materials created in satisfaction of Article 7.3 of the Royal Gold Agreement, between and inclusive of, Sept[.] 30, 2010 and June 30, 2012 [*id.*];

(3) All Materials created for the Banking Syndicate (JP Morgan et. [sic] al.) in association with the Due Diligence as was required by the Syndicate, for the $300 Million Credit Agreement, as entered into in Q4 2010 [*id.*];

(4) All Materials produced for the Underwriters (Deutsche Bank et. [sic] al.) in association with the Due Diligence as was required by them, in relation to the underwriting of the $ 350,000,000 Senior Secured Notes [*id.*]; and

(5) All Materials produced for the Underwriters (JP Morgan et al [sic]), in association with the Due Diligence as was required by them, in relation to the underwriting of the $420,000,000 Capital Raise (TMEDS) of May 2012 [*id.* at 3].

Plaintiffs also stated at the May 11 hearing that they wished to serve an initial set of written discovery as the Parties await this Magistrate Judge's Recommendation on the Motion to Dismiss. The court will take each of these issues in turn.

## II.     Timing of Voluntary Disclosures

The court is appreciative of the Parties' efforts to engage in meaningful discussions about limited voluntary disclosures. During the May 11 hearing, defense counsel indicated that there were approximately two banker's boxes of documents that needed to be reviewed then produced in order to comply with their voluntary disclosure obligations. He then indicated that he believed it might take until mid-June to complete the review and produce the documents.

This action was filed in February 2014 in the District of Connecticut and has been pending fifteen months without any discovery. [#1-1]. Rule 1 requires this court and all courts to construe and administer the Federal Rules of Civil Procedure "to secure the just, speedy, and inexpensive determination" of every action. Fed. R. Civ. P. 1. Given the limited number of documents, the Protective Order, and Rule 502 of the Federal Rules of Evidence, this court is satisfied that a number of safeguards are in place to permit Defendants to produce the agreed upon documents in an expedited fashion. Therefore, the court ORDERS the Parties to exchange the categories of documents agreed to in the Joint Status Report no later than **June 5, 2015**.

## III.    Disputed Categories of Documents

Plaintiffs bought Thompson Creek stock in March 2011, and sold it at a significant loss in May 2012. Plaintiffs seek categories of documents related to the underlying transactions because they believe such documents will reflect that Defendants knowingly overstated Thompson Creek's capital resources and understated its capital needs to public investors, all the while providing contrary information to third parties. Defendants contend that staying discovery beyond the voluntary disclosures is appropriate and resist any further discovery. The court now considers the *String Cheese* factors.

*Interest of Plaintiff in Proceeding Expeditiously.*  As discussed above, this case has been pending for a significant period of time without any discovery.  This factor weighs in favor of Plaintiffs.

*Burden on Defendant.*  Defendants argue that engaging in discovery before the court determines their pending Motion to Dismiss would be burdensome because their Motion will likely dispose of the entire case, or significantly narrow the issues.  The Motion to Dismiss is premised almost entirely on pleading defects, as opposed to challenges under Fed. R. Civ. P. 12(b)(1)-(3).  *Cf. Gilbert v. Ferry,* 401 F.3d 411, 415–16 (6th Cir. 2005) (finding the court's stay of discovery was not an abuse of discretion where defendant had filed motion to dismiss challenging the court's actual subject matter jurisdiction); *String Cheese Incident*, 2006 WL 894955, at *2 (ruling 30-day stay of discovery was appropriate in light of pending motion to dismiss for lack of personal jurisdiction); *Mariani v. Titeflex Corporation*, No. 13–cv–01720–MSK–KLM, 2013 WL 6688966, at *1 (citing cases to support the proposition that "[q]uestions of jurisdiction and immunity should be resolved at the earliest stages of litigation, so as to conserve the time and resources of the Court and the parties").  Plaintiffs' claims of statutory and common law fraud and intentional and negligent misrepresentation are premised on the same series of events and underlying allegations, thus subject to the same pleading standards.  Even if Defendants were to prevail on their Motion to Dismiss, dismissals for failure to plead without sufficient particularity in securities fraud cases are typically ordered without prejudice.  *See e.g.*, *A.J. Plastic Prods. Inc. v. Sandretto USA, Inc.*, No. Civ. A 04-2267-DJW, 2006 WL 618149, *4 (D. Kan. Mar. 10, 2006).  Defendants Loughrey and Freer also seek to dismiss the Amended Complaint for insufficient service, which similarly only warrants a dismissal without prejudice.

*See Murphy v. City of Tulsa*, 556 Fed.Appx. 664, 667 (10th Cir. 2014).  In addition, because Plaintiffs filed the Amended Complaint as *pro se* litigants, the court is obligated to review that pleading liberally and hold it to a less stringent standard than one drafted by attorneys.  *See Trackwell v. United States Gov't*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted).  Therefore, without passing on the substantive merits of the pending Motion to Dismiss, it is not at all clear that the need for discovery will be eliminated.  Nevertheless, one of the purposes of Rule 9(b) is to prevent a complainant from filing suit first and then searching for actionable fraud.  *See Koch v. Koch Indus.*, No. 85-1636-C, 1991 WL 241814, *4 (D. Kan. Oct. 24, 1991).  Taken together, this factor is neutral.

*Convenience to the court.*  It is unclear that a stay would benefit this court, and a further delay of discovery could create inconvenience by compressing a discovery schedule if this case moves forward.  There is no argument that Plaintiffs risk Defendants intentionally jeopardizing the availability of discovery; but necessarily, the passage of time may erode at witness memories and the ease of accessibility for electronic discovery. Therefore, this factor favors moving forward.

*Interests of nonparties in either staying or proceeding with discovery and the public interest in either staying or proceeding with discovery.* The final two *String Cheese Incident* factors weigh neutrally.  Plaintiffs and Defendants alike fail to identify specific interests of non-parties that would be impacted by this court's decision, and reference only general concerns regarding the public's interest in advancing the case as opposed to forestalling discovery pending resolution of the Motion to Dismiss.

In light of these factors, the court concludes that the Parties should move forward with the limited discovery as requested by Plaintiffs, insofar as the information requested arose between March 2011 and May 2012.[4]  However, the court notes that with regard to Plaintiffs' request for "[a]ll Materials created in satisfaction of Article 7.3 of the Royal Gold Agreement, between and inclusive of, Sept[.] 30, 2010 and June 30, 2012," the use of "[a]ll Materials" is facially overbroad. The court understood Plaintiffs' concerns raised in the Amended Complaint as related to the Mt. Milligan and Endako mines, and therefore, Plaintiffs' discovery requests should be limited at this time to information related to those mines.

The court orders Defendants to produce, or at a minimum begin a meaningful rolling production of, responsive documents no later than June 5, 2015.  Documents that arise outside of the time period discussed herein may ultimately be shown as discoverable, but the court is unwilling to require their production at this time.

## IV.    Additional Written Discovery

Plaintiffs also seek to serve written discovery.  Given the fact that the Motion to Dismiss could narrow the issues, the court orders that no written discovery be served until the undersigned Magistrate Judge issues a Recommendation on the Motion to Dismiss.

Accordingly, IT IS ORDERED:

(1)    The Motion to Stay [#30] is GRANTED IN PART AND DENIED IN PART; and

(2)    A Scheduling Conference will follow the court's Motions Hearing currently set for June 15, 2015 at 3:00 p.m.

---

[4] It is my understanding that Topics 3-5 relate to information that was provided by Defendants to third parties outside of the PERIOD.

DATED: May 15, 2015                          BY THE COURT:

                                                   s/Nina Y. Wang_____
                                                   United States Magistrate Judge